Danielle P. Light, Esq.
**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
dlight@hasbanilight.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIAMI HOME LLC,<br><br>                              Plaintiff,<br> -against-<br><br>MANUEL SALAZAR<br><br>                              Defendants. | Docket No:<br><br>**COMPLAINT** |

Plaintiff, by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1. This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 183 Brookdale Avenue NY, 10801, known on the Westchester County Tax Map as Section 3 Block 91 Lot 32 in the County of Westchester and State of New York (the "Property").

## PARTIES

2. GUSTAVIA HOME LLC is a limited liability company organized under the laws of the State of Delaware. GUSTAVIA HOME LLC is a single member limited liability company, whose sole member is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. For the purpose of diversity, GUSTAVIA HOME LLC, is a citizen of Florida.

1

3. MANUEL SALAZAR, upon information and belief, is a resident and citizen of the State of New York, having an address at 183 Brookdale Avenue NY 10801. MANUEL SALAZAR is a necessary party defendant to this action because he is the owner of the record of the subject property and the obligor on the Note.

4. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

5. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. section 1332.

6. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

7. On or about February 7, 2007 defendant Manuel Salazar ("Borrower"). borrowed the sum of $102,000.00 from Axiom Financial Services by a certain note dated the same date (the "Note"). Attached as **Exhibit A** is a true and correct copy of the endorsed Note and is incorporated by reference.

8. In order to collaterally secure the aforesaid obligation, Borrower, on the same day, duly executed, acknowledged and delivered to Axiom Financial Services, a mortgage (the

2

"Mortgage"). Attached as **Exhibit B** is a true and correct copy of the Mortgage and is incorporated by reference. The Mortgage encumbers the Property. *See* **Exhibit B**. Pursuant to the Mortgage, in any lawsuit for foreclosure and sale, lender will have the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount borrower owes lender which fees shall become part of the Sums Secured. *See id*.

9. Borrower defaulted under the terms of the Mortgage for the payment due on June 1, 2012. Pursuant to the mortgage, the "whole of said principal sum and interest shall become due at the option of the mortgagee ….after default in the payment of any tax…" *See* **Exhibit B**.

10. Plaintiff has complied with the contractual provisions in the loan documents by issuing a 30- Day Notice to Borrowers on July 9, 2020, advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest is immediately due and payable ("30-Day Notice"). Attached as **Exhibit C** is a true and accurate copy of the 30-Day Notice and is incorporated by reference.

11. The 90-Day Notice pursuant to RPAPL 1304(1) was issued to Borrower on July 9, 2020 ("90-Day Notice) Attached as **Exhibit D** is a true and accurate copy of the 90-Day Notice and is incorporated by reference.

12. Plaintiff is the owner of the Note and is in possession of the wet-ink note. Therefore, Plaintiff is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits A and B.**

13. Defendant, Manuel Salazar owns the equity of redemption herein foreclosure and are joined as necessary defendants to foreclosure all right, title, interest and equity of redemption in the Property.

14. Plaintiff verily believes that during the pendency of this action it may be compelled to make advances to prior mortgages, if any, for installments of principal and interest, taxes, assessments, water rates, and/or fire insurance premiums that are or may become due under said prior mortgage or to the receiver of taxes, or the fire insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in the Mortgage foreclosed and deemed further secured thereby.

15. The mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking law. Plaintiff complied with all statutory and contractual prerequisites, if any are applicable, prior to commencing this action.

16. That no other action is pending for the recovery or said sum secured by the note and mortgage.

17. That Plaintiff shall not be deemed to have waived, altered, released or changed the election made by reason of any payment after the date of commencement of this action.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein and all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and

reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law.

Dated: New York, New York
November 30, 2020

*/s/ Danielle P. Light*

BY: Danielle P. Light, Esq.
**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
dlight@hasbanilight.com