UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MIAMI HOME, LLC,

                           Plaintiff,                    1:20-cv-10011-JPO

    -against-

                                                           Answer

MANUEL R. SALAZAR,

                           Defendants,

----------------------------------------------------------------------x

       Defendant, Manuel Salazar, by his attorneys, CLAIR GJERTSEN & WEATHERS PLLC, and as and for an Answer to the Amended Complaint, alleges as follows:

       1.      Defendant is without sufficient knowledge or information so as to be able to form a belief as to each and every allegation contained in paragraphs 1, 2, 4, 5, 7, 8, 10, 11, 12, 14 and 15 of the complaint.

       2.      Defendant denies the allegation set forth in paragraphs 9 and 13 of the complaint.

       3.      Defendant cannot reply to the allegations contained in paragraph 3 of the complaint as they are not allegations of fact, are multiple allegations of fact, or refer to the documents noted therein.

### FIRST AFFIRMATIVE DEFENSE

       4.      Defendant is and was at all times alleged herein and in the complaint entitled to various specific notices and demands prior to the institution of a foreclosure action including, inter alia, compliance with RPAPL § 1304, and compliance with provisions of the alleged note and mortgage in providing notice of the specific default, required opportunity to cure, demand for payment of the entire sum secured by the mortgage and as otherwise is applicable according to controlling loan documents, statute or law.

5. The within complaint fails to allege that the required notices and disclosures were given by Plaintiff.

6. Said notices and demands are an integral and necessary part of Plaintiff's cause of action.

7. Solely as a result of the foregoing, Plaintiff fails to allege a cause of action herein.

## SECOND AFFIRMATIVE DEFENSE

8. Defendant is and was at all times alleged herein and in the complaint entitled to various specific notices and demands prior to the institution of a foreclosure action including, inter alia, compliance with RPAPL § 1304, and compliance with provisions of the alleged note and mortgage in providing notice of the specific default, required opportunity to cure, demand for payment of the entire sum secured by the mortgage and as otherwise is applicable according to controlling loan documents, statute or law.

9. These notices and demands were not adequately given by Plaintiff.

10. Said notices and demands are an integral and necessary part of Plaintiff's cause of action.

11. Solely as a result of the foregoing, Plaintiff fails to allege a cause of action herein.

## THIRD AFFIRMATIVE DEFENSE

12. Defendant was, prior to entering into the transaction alleged in the complaint, entitled to various notices and disclosures mandated by the laws of the state of New York and the United States of America including, inter alia, a failure to comply with the Real Estate Settlement Procedures Act, and or, Truth in Lending Laws and Regulations and other such laws, rules and regulations.

13. Said notices and disclosures are an integral and necessary part of Plaintiff's cause of action.

14. The within complaint fails to allege that said notices and disclosures were given by Plaintiff.

15. Solely as a result of the foregoing, Plaintiff fails to allege a cause of action herein.

### FOURTH AFFIRMATIVE DEFENSE

16. The notices and disclosures referred to in the Third Affirmative Defense alleged hereinbefore, were not adequately given by Plaintiff.

17. Said notices and disclosures are an integral and necessary part of Plaintiff's cause of action.

18. Said failure entitles Defendant to the rescission of the loan transaction alleged, cancellation of the mortgage alleged, and damages.

19. Solely as a result of the foregoing, the instant complaint must be dismissed and damages may be appropriate.

### FIFTH AFFIRMATIVE DEFENSE

20. The chain of title is not properly established.

21. Solely on account of the foregoing, Plaintiff has no standing to have commenced this action.

22. Solely on account of the foregoing, this action must be dismissed

### SIXTH AFFIRMATIVE DEFENSE

23. Upon information and belief, any rights Plaintiff may have herein are governed by a mortgage encumbering residential property located in the state of New York.

24. Any action brought to enforce the rights of Plaintiff is brought pursuant to a mortgage governed by RPAPL §§1303 and 1304.

25. Plaintiff has failed to give and provide the notices required by RPAPL §§1303 and/or 1304.

26. Solely on account of the foregoing this action must be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

27. Upon information and belief, any rights Plaintiff may have herein are governed by a mortgage encumbering residential property located in the state of New York.

28. Said mortgage provides for a specific notice of default prior to the commencement of any foreclosure proceeding.

29. Plaintiff has failed to properly give and provide the notice required by the mortgage.

30. Solely on account of the foregoing this action must be dismissed.

### EIGTH AFFIRMATIVE DEFENSE

31. Plaintiff's attached exhibits indicate that the loan herein was sold, transferred or assigned.

32. 15 U.S.C. § 1641(g) requires that a borrower be notified and provided various information within 30 days of such sale, transfer, or assignment of the mortgage.

33. Upon belief, no such notices were provided.

34. As a result of these violations the mortgage loan was not properly sold, transferred or assigned.

35. On account of the failure to properly transfer the mortgage loan Plaintiff has no standing or ability to have brought this action.

36. Solely on account of the foregoing, this action must be dismissed.

37. Pursuant to 15 U.S.C § 1640 Plaintiff may be liable to Defendant for 1) actual damages sustained as a result of the violation; 2) statutory damages for each violations in an amount no less than $400 and no greater than $4,000, and 3) court costs and attorney's fees.

### NINTH AFFIRMATIVE DEFENSE

38. Upon information and belief, any rights Plaintiff may have herein are governed by State and Federal regulations, including but not limited to any regulations stemming from the COVID-19 Pandemic, banking laws and the RPAPL.

39. Such regulations provide for specific notices to be provided prior to the commencement of any foreclosure proceeding.

40. Plaintiff has failed to properly give and provide the notice required such regulations.

41. Solely on account of the foregoing this action must be dismissed.

### TENTH AFFIRMATIVE DEFENSE

42. Upon information and belief, any rights Plaintiff may have herein are governed by State and Federal regulations, including but not limited to any regulations stemming from the COVID-19 Pandemic, banking laws and the RPAPL.

43. Plaintiff has failed to properly comply with such regulations.

44. Solely on account of the foregoing this action must be dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

45. The COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 stayed all foreclosures in New York to at least February 27, 2021 with an extension of that stay until May 1, 2021 if the borrower completes a hardship declaration.

46. Defendant has completed the required hardship declaration and provided a copy to the Plaintiff and the Court.

47. This action proceeding prior to May 1, 2021 is a violation of the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020.

48. Solely on account of the foregoing, this action must be stayed and Plaintiff penalized for proceeding at this time.

WHEREFORE, Defendant demands judgment dismissing the within Complaint, together with costs, disbursements and reasonable counsel fees as provided by law.

Dated: White Plains, New York
      February 7, 2021

/s/ Erin K. Flynn (EF8243)
Erin K. Flynn, Esq.
CLAIR GJERTSEN & WEATHERS PLLC
*Attorneys for Defendant,* Manuel Salazar
4 New King Street
White Plains, New York 10604
(914) 472-6202