UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIAMI HOME LLC,
                    Plaintiff,

          -v-

MANUEL SALAZAR,
                    Defendant.

20-CV-10011 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      On January 22, 2021, Defendant Manuel Salazar moved for a stay of this foreclosure action pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (S. 9114/A. 11181), L. 2020, c. 381.  The Act provides broad relief for mortgagors, like Salazar (Dkt. No. 13 at 3–4), who hold residential real property, *id*. pt. B, subpt. A, § 1.  By its own text, the Act requires courts to stay "*any* action to foreclose a mortgage [relating to residential real property] in which a judgment of sale has not been issued." *Id*. pt. B, subpt. A, § 7 (emphasis added).  In circumstances in which "the mortgagor provides a hardship declaration to . . . the court," the stay must last until May 1, 2021.  *Id*.  In support of his motion for a stay, Salazar submitted a hardship declaration.  (Dkt. No. 13 at 3–4.)

      The Court concludes that a stay must issue in this case.  First, Plaintiff Miami Home LLC has not provided any evidence to rebut Salazar's hardship declaration.  Plaintiff merely alleges that Salazar has been in default since 2012.  (Dkt. No. 17 at 3.)  This in no way contradicts Salazar's declaration that his financial situation has worsened as a function of the COVID-19 pandemic.  (Dkt. No. 13 at 3–4.)  The Act itself contemplates the possibility of, and extends protections to, mortgagors who have long been in default; it requires a stay even for "actions filed on or before March 7, 2020." L. 2020, c. 381, pt. B, subpt. A, § 7.

Second, and contrary to Plaintiff's position, the Act does not apply only to foreclosure actions brought in state court. (Dkt. No. 17.) Nothing in the Act's text or purpose suggests that it is so limited. The Act lists the kinds of actions that it "shall not apply to," such as those regarding mortgage loans made by a corporate governmental agency of the state. L. 2020, c. 381, pt. B, subpt. A, § 1(b). The list does not exempt actions brought in federal court. *Id.* Furthermore, the purpose of the Act is to "[s]tabiliz[e] the housing situation for tenants, landlords, and homeowners" by "avoid[ing] as many evictions and foreclosures as possible for people experiencing a financial hardship during the COVID-19 pandemic." *Id.* § 3. Reading Plaintiff's desired limitation into the Act would frustrate its goal of avoiding as many foreclosures as possible. Consistent with this understanding, courts in this Circuit have stayed pending foreclosure cases pursuant to the Act. *See, e.g., Talarico Bros. Building Corp. v. Union Carbide Corp.*, No. 17-cv-1041, 2021 WL 732692, at *4 (W.D.N.Y. Feb. 21, 2021); *Wilmington PT Corp. v. Danialian*, No. 19-cv-1972, 2021 WL 1103352, at *2 (E.D.N.Y. Jan. 29, 2021).

For the foregoing reasons, Salazar's motion to stay the action until May 1, 2021, is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 13.

SO ORDERED.

Dated: April 6, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge